UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 4:21-cv-10032-JLK

KENNETH J. GRIFFITH,

    Plaintiff,

v.

PATRICIA GIBSON,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** came before the Court upon Plaintiff, Kenneth J. Griffith's ("Plaintiff"), Motion for Leave to Proceed *In Forma Pauperis*. ECF No. [3]. The Honorable James Lawrence King, Senior United States District Judge, referred this case to the undersigned for all pre-trial proceedings. ECF Nos. [4], [6]. Plaintiff filed a *pro se* Complaint on March 8, 2021. ECF No. [1]. Plaintiff has not paid the Clerk's filing fee of $402.00 ($350 filing fee + $52 administrative fee). However, he has filed a Motion for Leave to Proceed *In Forma Pauperis* along with a financial affidavit and an Inmate Balance History Report. ECF No. [3]. Accordingly, Plaintiff's Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). *See Townsend v. Soc. Sec. Admin.*, No. 19-20347-CIV, 2019 WL 2267283, at *1 (S.D. Fla. May 15, 2019) ("Because Plaintiff moved for leave to proceed in forma pauperis, Plaintiff's Complaint was subject to the screening requirements in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).") (internal citation omitted). For the reasons set forth below, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** and that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be **DENIED AS MOOT**.

I.  DISCUSSION

Under § 1915(e)(2)(B)(i), a court must dismiss a case in which the plaintiff is proceeding *in forma pauperis* if the court determines that the complaint is frivolous or malicious. "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hospital*, 898 F.2d 126, 129 (11th Cir. 1990)). "Section 1915 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Diaz v. Arriola*, No. 19-23355-CIV, 2019 WL 11505326, at *1 (S.D. Fla. Aug. 27, 2019), *report and recommendation adopted*, No. 19-23355-CIV, 2019 WL 11505314 (S.D. Fla. Sept. 16, 2019) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "'On the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered.'" *Id.* (quoting *Bilal*, 251 F.3d at 1350). Nonetheless, "'*pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed, Thus, wildly implausible allegations in the complaint should not be taken to be true, but the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations.'" *Id.* (quoting *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)). Moreover, "[u]nder § 1915(e)(2)(B)(ii), a district court must dismiss a case in which the plaintiff is proceeding *in forma pauperis* if the court determines that the complaint fails to state a claim on which relief may be granted." *Wright v. Miranda*, 740 Fed. Appx. 692, 694 (11th Cir. 2018).

In reviewing the Complaint, the Court applies the standard set forth in Federal Rule of Civil Procedure 12(b)(6), taking the factual allegations in the Complaint as true and construing them in

the light most favorable to Plaintiff. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, Plaintiff is a pre-trial detainee who purports to bring suit against his former lawyer because she "lied to [him] 11 times" and was "withholding evidence" before she withdrew from his case. ECF No. [1] at 1, 12. Specifically, Plaintiff alleges: (1) that Defendant told him that she would write a Motion to Dismiss, but that "she lied. I asked about my discovery, at which she again stated I will mail it to you right away, she lied," *id.* at 1; (2) "[Defendant] stated she would get the phone charge dropped right away due to authentication [sic] which Detective Peters never gave number she was calling. [Defendant] lied, the charge was not dropped," *id.* at 2; (3) "[Defendant] also stated that she had bodycam video and phone recording on her laptop for evidence I was entitled to see. She lied, I never got to view it," *id.*; (4) "[o]n 4-28-20, I called [Defendant] to give her my deposition questions and ask when the new schedule was for depositions. [Defendant] informed me she had already tak[en] the depositions. She outright lied to me on 4-24-20 and ignored my wish[e]s to present questioning," *id.* at 4; (5) "[o]n June 26th, 2020 [Defendant] waived my right to appear at a zoom hearing. She lied to the court and told them ongoing deposition and discovery," *id.* at 7; (6) "[Defendant] c[a]me to see me on Aug[ust] 11th, 2020, handed me a Motion to Withdraw document with an FWC Incident Report. This was significant evidence which was withheld from me for 10 months," *id.* at 10–11; (7) "[o]n September 1st I was s[u]pposed to have a deposition hearing, but that did not happen. [Defendant] waived my right," *id.* at 12; and (8) at the hearing on Defendant's motion to withdraw, "I did tell the Judge [Defendant] gave me different prices to get depositions transcribed, lied to me, lied to the court and was still withholding crucial evidence," *id.* Plaintiff requests that "the Civil [sic] Court Judge under a Motion to Compel grant [him] the transcripts in which [Defendant] perjures

herself." *Id.* at 13.  Additionally, Plaintiff requests compensatory damages in the amount of $25,000 and punitive damages in the amount of $75,000 from Defendant. *Id.* at 14.

The undersigned finds that the Complaint is frivolous and fails to state a claim on which relief may be granted.  The Complaint contains numerous allegations that Defendant deceived Plaintiff.  Yet, Plaintiff does not explain how any of Defendant's alleged misconduct constitutes a violation under any law.  To the extent Plaintiff purports to assert a claim for ineffective assistance of counsel, such claim is premature because Plaintiff is currently a pre-trial detainee that has not accepted any plea agreement and has not been tried or convicted. *See United States v. Carmichael*, 372 F. Supp. 2d 1331, 1333 (M.D. Ala. 2005) ("Indeed, the very standard for prevailing on an ineffective-assistance-of-counsel claim appears to preclude such claims prior to an actual conviction.").  Moreover, to the extent Plaintiff purports to assert a claim for legal malpractice against Defendant, such a claim also fails as a matter of law because appellate or postconviction relief is a prerequisite to establishing a claim for legal malpractice against privately hired criminal defense attorneys. *See Garcia v. Diaz*, 752 Fed. Appx. 927, 932 (11th Cir. 2018) ("Under Florida law, one who brings a cause of action for legal malpractice in a criminal prosecution must first 'obtain appellate or postconviction relief.'") (quoting *Steele v. Kehoe*, 747 So.2d 931, 933 (Fla. 1999)).

Accordingly, given the insufficiency of the claims here, the undersigned recommends that Plaintiff's Complaint be dismissed with prejudice because he has not stated a plausible claim for relief and it is unlikely that he will be able to do so, even with the benefit of amending.

## II.     RECOMMENDATION

The undersigned recommends that Plaintiff's Complaint, ECF No. [1], be **DISMISSED WITH PREJUDICE** pursuant to Section 1915(e)(2)(B)(i) and 1915(e)(2)(B)(ii).  Additionally,

the undersigned recommends that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, ECF No. [3], be **DENIED AS MOOT**.

### III. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Any request for an extension of this deadline must be made within seven (7) calendar days from the date of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in chambers at Miami, Florida on June 1, 2021.

_____
JACQUELINE BECERRA
United States Magistrate Judge